UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-1165 JGB (ACCVx)** | Date | April 21, 2026 |
| Title | ***Sunvilla Corporation v. Adam Weiss, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **Order (1) GRANTING Plaintiff's Motion for Leave to File Third Amended Complaint (Dkt. No. 43); (2) GRANTING Plaintiff's Counsel's Motion to Withdraw as Counsel (Dkt. Nos. 39, 44); and (3) VACATING the May 4, 2026, Hearing (IN CHAMBERS)**

Before the Court is Plaintiff's motion for leave to file a third amended complaint ("Amend Motion," Dkt. No. 43) and Defendant's Counsel's motion for leave to withdraw as counsel ("Withdrawal Motion," Dkt. No. 39.) The Court considers these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering briefing and evidence submitted in relation to both motions, the Court **GRANTS** the Amend Motion and **GRANTS** the Withdrawal Motion. The Court **VACATES** the May 4, 2026, hearing. Upon filing of the third amended complaint ("TAC"), the case will be **STAYED** as to Defendant Sheridan's Market, LLC.

## I. BACKGROUND

On May 8, 2025, Plaintiff filed a complaint against Defendants Sheridan's Market, LLC and Adam Weiss. ("Complaint," Dkt. No. 1.) After a series of motions to dismiss, the second amended complaint ("SAC") raises a single claim of breach of contract against Sheridan's Market, LLC ("Defendant"). (Dkt. No. 29.) On April 1, 2026, Plaintiff filed the Amend Motion, seeking to add claims and defendants. (See Amend Motion.) On April 14, 2026, Defendant filed a notice of non-opposition to the Amend Motion. (Dkt. No. 46.) On April 15, 2026, Defendant filed a notice of filing of bankruptcy.
//
//

Separately, on March 25, 2026, Defendant's Counsel filed a motion to withdraw as counsel. (Withdrawal Motion.) On April 2, 2026, Defendant's Counsel amended the motion to properly notice a hearing date. (Dkt. No. 44.) On April 13, 2026, Plaintiff opposed the motion. ("Withdrawal Opposition," Dkt. No. 45.)

## II. LEGAL STANDARD

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of the court." L.R. 83-2.3.2. The motion for leave to withdraw "must be supported by good cause." Id. The motion may only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Id.

District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances. See Thompson v. Special Enforcement, Inc., No. 07-1666, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008). Absent undue prejudice to the client's interests or to the proceedings in the case, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court." Id. at *2. In ruling on a motion to withdraw as counsel, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Tu Thien The, Inc. v. Tu Thien Telecom, Inc., 2014 WL 12580249 at *5 (C.D. Cal. July 11, 2014).

## III. DISCUSSION

### A. Amend Motion

Absent opposition from Defendant, the Court **GRANTS** Plaintiff's Amend Motion. In recognition of the now-pending bankruptcy proceedings regarding Defendant, upon filing of the TAC the case will be **STAYED** as to Defendant Sheridan's Market, LLC. This stay has no effect on proceedings against defendants who may be added to the case in the TAC.

### B. Withdrawal Motion

#### 1. Written Notice of Intent to Withdraw (Local Rule 83-2.3.2)

Local Rule 83-2.3.2 requires counsel to provide written notice of their intent to withdraw—reasonably in advance of the filing the motion to withdraw—to the client and to all other parties who have appeared in the action. See L.R. 83-2.3.2.

Here, Defendant's Counsel declares that Defendant has advised counsel that it does not wish for counsel to continue representation in this matter and consents to withdrawal. (Declaration of Adam D. Wahlquist ("Wahlquist Decl.), Dkt. No. 39-1 ¶¶ 3, 6.) As such, the

Court finds that Counsel has complied with Local Rule 83-2.3.2 by providing written notice of their intent to withdraw to their client reasonably in advance of the filing of the Motion.

It does not appear that Defendant's Counsel provided written notice in advance of filing to Plaintiff. But Plaintiff, despite opposing the Withdrawal Motion, does not raise any concerns regarding this *specific* failure. As such, the Court will not deny the Withdrawal Motion on that basis, now that Plaintiff is surely aware of the intent to withdraw and has had a full opportunity to raise its concerns.

**2. Good Cause to Withdraw**

Counsel seeks to withdraw because irreconcilable differences have arisen between Counsel and Defendant, including Defendant's inability to pay legal fees and failure to cooperate with counsel in fulfilling litigation obligations, such that continued representation is no longer feasible. (Wahlquist Decl. ¶ 2.)

The Court finds that Defendant's Counsel has established good cause to withdraw. Counsel is permitted to withdraw from representation pursuant to the California Rules of Professional Conduct. The California Rule of Professional Conduct provide that "a lawyer may withdraw from representing a client if . . . the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively" and where "the client knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct 1.16(b)(4), (6). Irreconcilable differences and an inability to pay, coupled with Defendant's consent to withdrawal, are more than sufficient for Defendant's Counsel's withdrawal.

Plaintiff argues in the Withdrawal Opposition that Defendant's Counsel's withdrawal will prejudice it because Defendant's Counsel has not timely engaged in discovery and removing Defendant's Counsel will result in a "zombie case." (Withdrawal Opp'n at 2.) But the Court will not chain Defendant's Counsel to this case absent Defendant's ability to pay and without Defendant's desire to be represented by Defendant's Counsel, especially when the reasons Plaintiff cites for prejudice seem to overlap precisely with Defendant's Counsel's reasons for seeking withdrawal. Defendant has failed to cooperate with Defendant's Counsel in fulfilling litigation obligations, which has likely resulted in the lack of discovery proceedings. The Court refuses to force Defendant's Counsel into a position where they must somehow compel a non-paying, non-consenting client's participation in this matter or face sanctions.

Finally, Counsel's withdrawal will neither harm the administration of justice nor delay the resolution of the case. The discovery cutoff in this case is not for nearly a year, in February 2027. See Huntington Learning Centers, Inc. v. Educ. Gateway, Inc., 2009 WL 2337863, at *2 (C.D. Cal. July 28, 2009) (finding that withdrawal would not harm the administration of justice because "[t]his litigation is still in its earliest stages."); see, e.g., Hendricks v. BBC Am., Inc., 2016 WL 7173810, at *2 (C.D. Cal. Jan. 21, 2016) ("With over four months until trial, Plaintiff has adequate time to seek and retain new counsel."). As such, "new counsel would not need a great deal of time to become familiar with the case" in time for trial. See Huntington Learning

Centers, Inc., 2009 WL 2337863, at *2. Accordingly, the Court finds that Counsel's withdrawal will not harm the administration of justice nor unduly delay resolution of the case.

Accordingly, because good cause exists for Defendant's Counsel's withdrawal, the Court **GRANTS** the Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Amend Motion and **GRANTS** Defendant's Counsel's Withdrawal Motion. Plaintiff's TAC must be filed on or before **April 28, 2026**. Upon filing of the TAC, the case will be **STAYED** as to Defendant Sheridan's Market, LLC pursuant to pending bankruptcy proceedings. Adam D. Wahlquist, Amanda Todd, and Kirton McConkie are **RELIEVED** as counsel of record for Defendant and shall be terminated in ECF. Defendant's Counsel shall immediately serve Defendant with a copy of this Order and shall file a proof of service to confirm the same no later than **April 30, 2026**. Defendant is advised that, as a limited liability company, it may not proceed in this action without counsel and must promptly retain substitute counsel. Defendant must file a notice of appearance of counsel on or before **May 7, 2026**. This is so even though the case will become stayed as to Defendant Sheridan's Market, LLC upon filing of the TAC. While the case will be imminently stayed as to Defendant, Defendant must still be represented such that the Court may guarantee it will be appropriately informed about relevant developments in the bankruptcy proceedings.

**IT IS SO ORDERED.**